991 F.2d 801
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Ronald F. BROWN, Appellant,
v.
Gary GRIMES, Appellee.
 No. 92-3351.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 12, 1993.
Filed: April 22, 1993.
 
 Before McMILLIAN, WOLLMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Ronald Brown, an Arkansas inmate, appeals the district court's[1] grant of summary judgment for defendant Sheriff Gary Grimes in Brown's 42 U.S.C. § 1983 action. Brown also moves for appointment of counsel. We deny Brown's motion and affirm.
 
 
 2
 Brown alleged that he had been arrested without benefit of a hearing to determine probable cause to detain. Grimes moved for summary judgment, asserting that Brown was arrested pursuant to eight bench warrants issued by the Sebastian County Circuit Court, before which Brown appeared the day after his arrest. Grimes submitted supporting documents. When Brown conceded that he was arrested pursuant to these warrants, the magistrate judge[2] recommended that summary judgment be granted for Grimes. Over Brown's objections, the district court adopted the magistrate judge's report in its entirety, granted judgment in favor of Grimes, and dismissed the complaint with prejudice.
 
 
 3
 This court reviews de novo grants of summary judgment. Butler v. City of N. Little Rock, 980 F.2d 501, 503 (8th Cir. 1992). Summary judgment should be granted when, drawing all reasonable factual inferences in favor of the non-moving party, no genuine issue of material fact remains and the movant is entitled to judgment as a matter of law. Id.
 
 
 4
 Persons arrested without a warrant are entitled to a prompt determination of probable cause to detain, see Gerstein v. Pugh, 420 U.S. 103, 123-25 (1975), which can be met by a probable-cause-to-detain hearing held within forty-eight hours after arrest. See County of Riverside v. McLaughlin, 111 S. Ct. 1661, 1669-70 (1991). Here, Grimes established that Brown was arrested pursuant to eight bench warrants, and went before a judge the next day. We conclude Grimes was entitled to judgment as a matter of law on Brown's complaint. We note that Grimes's counterclaims, raised in his answer but never developed, were abandoned below.
 
 
 5
 Accordingly, Brown's motion is denied, and the judgment is affirmed.
 
 
 6
 McMILLIAN, Circuit Judge, dissenting.
 
 
 7
 I dissent and would dismiss the appeal for lack of appellate jurisdiction. I would hold that the district court's order was not final for purposes of appeal. More than one claim for relief was presented in this action. The district court's order adjudicated only plaintiff Brown's claims, but did not dispose of defendant Grimes's two counterclaims. The district court did not expressly determine that there was no just reason for delay or expressly direct entry of judgment pursuant to Fed. R. Civ. P. 54(b).
 
 
 
 [1]
 The Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas
 
 
 [2]
 The Honorable Beverly R. Stites, United States Magistrate Judge for the Western District of Arkansas